R. Ruiz & Cía., demandante y apelada, *v.* Domingo García, demandado y apelante.

No. 6472.—*Sometido:* Junio 7, 1934. *Resuelto:* Junio 30, 1934.

*A. L. López,* abogado del apelante; *J. Pedro Miranda,* abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

█ █ El primer señalamiento se dirige a la suficiencia de un *affidavit* de notificación. El artículo 92 del Código de Enjuiciamiento Civil dispone que la citación podrá diligenciarse por el márshal o por "cualquier otra persona mayor de dieciocho años que no fuere parte en la acción." Pedro López de Victoria, quien diligenció el emplazamiento en este caso, declaró bajo juramento que tenía veintiseis años de edad. El *jurat* lee como sigue:

"*Affidavit* No._____.—Suscrito y jurado ante mí por Pedro López de Victoria, de 26 años de edad, casado, empleado y vecino de San Juan, a quien conozco personalmente, de cuyo conocimiento me he asegurado por el dicho de dos testigos que también suscriben y a quienes conozco personalmente, hoy en San Juan, P. R., a 20 de mayo de 1933. (Fdo.) Héctor González Blanes, por Josefina Naranjo."

No era necesario que el deponente se identificara bajo juramento. El dejar el secretario de eliminar del formulario impreso una aseveración en forma alternativa en el *jurat* respecto a la forma de identificación no fué un defecto fatal. El secretario no necesitaba llenar el espacio en blanco respecto al número del *affidavit*. El apelante se funda en la

"Ley estableciendo un registro de *affidavits* o declaraciones ante notarios y otros funcionarios," aprobada el 12 de marzo de 1908. El artículo 9 de dicha ley (Estatutos de 1911, sección 23) excluye las declaraciones hechas ante el secretario de una corte de distrito en casos pendientes ante la misma. Véase también el caso de *Valcourt* v. *Torres,* 44 D.P.R. 914.

■■ Luego el apelante ataca la validez de la sentencia en rebeldía registrada por el secretario sin haber anotado. primeramente la rebeldía del demandado. El artículo 194 del Código de Enjuiciamiento Civil lee así:

"1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96."

El *praecipe* en el presente caso solicitaba primeramente se anotara la rebeldía y luego que se registrara sentencia en rebeldía en el orden prescrito por el inciso primero del artículo 194. La sentencia hace constar que la rebeldía del demandado había sido anotada debidamente. En realidad la rebeldía fué anotada al siguiente día de haberse registrado la sentencia. La anotación previa de la rebeldía, sin embargo, no era un prerrequisito jurisdiccional al registro de la sentencia. No se radicó contestación alguna ni antes de registrarse la sentencia ni antes de anotarse la rebeldía. La irregularidad en el orden de los dos asientos no perjudicó ningún derecho sustancial del demandado y no es motivo suficiente para una revocación.

■ Como tercer motivo de la apelación el recurrente insiste en que el caso no cae dentro del inciso primero del artículo 194, supra. El demandante alegaba como primera causa de acción:

"2. Que el demandado tiene abierta una cuenta corriente en los libros de la demandante, la que liquidada de común acuerdo el día 30 de diciembre de 1932 arrojó un balance a favor de la demandante por la suma de $503.12, con la cual cantidad estuvo conforme el demandado, obligándose a pagarla tan pronto fuere requerido para ello por la demandante."

La única diferencia existente entre la primera causa de acción y las demás es que la primera se basaba en una cuenta con el demandante y las otras en cuenta con otros acreedores que las habían cedido al demandante después de haberse determinado definitivamente sus cuantías y de haber asumido el deudor la obligación de pagar. Creemos que el caso era uno en que propiamente el secretario podía registrar sentencia en rebeldía.

*La sentencia apelada debe ser confirmada.*