Roig Commercial Bank, demandante y apelado, *v.* Santiago Iglesias Silva y su esposa Doña Cruz Rodríguez, demandados y apelantes.

No. 6456.—*Sometido:* Diciembre 13, 1934. *Resuelto:* Diciembre 24, 1934.

*G. Cruzado Silva*, abogado de los apelantes; *González Fagundo & González, Jr.*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción en cobro de un pagaré que otorgaron los demandados a favor del banco demandante. Se alega que este pagaré fué entregado al banco por los deudores demandados, quienes, para garantizar su pago, subhipotecaron a dicho banco un crédito hipotecario de que eran dueños. Se pide en la súplica de la demanda el pago de la suma reclamada y que se disponga la venta en pública subasta del crédito hipotecario constituído a favor de los demandados.

Anotada la rebeldía y dictada sentencia condenando a los demandados Santiago Iglesias Silva y su esposa, Cruz Rodríguez, a pagar al demandante la suma de $4,347.76, importe del pagaré con los intereses y honorarios de abogado convenidos, los demandados apelaron de la sentencia atribuyendo a la corte inferior cuatro errores.

En el primero se alega que no aparece de la diligencia del emplazamiento que la persona que hizo la citación no es parte

en la acción. Arguye el apelante que es un requisito juris-diccional que en el certificado de diligenciamiento se haga constar por la persona que lleve a cabo la citación, que no es parte en la acción y que en este caso esta persona se limitó a decir: "No soy parte ni tengo interés en este asunto." Debe desestimarse el error apuntado.

En el segundo error se alega que la rebeldía aparece anotada por el secretario del tribunal en forma ambigua, du-dosa e imprecisa, porque habiendo dos demandados no se in-dica a cuál de ellos se refiere la anotación.

El Banco apelado solicitó que el Secretario anotara la re-beldía de los demandados y registrara sentencia en su contra por las cantidades reclamadas. Al calce de esta solicitud es-cribió el Secretario lo siguiente: "Anotada la rebeldía de la parte demandada en este caso por no haber comparecido a hacer alegación alguna en autos dentro del plazo legal, hoy 28 de diciembre de 1932." Arguye el apelado que los deman-dados en este caso constituyen la sociedad de gananciales y que el secretario, al anotar la rebeldía de la parte deman-dada, se refiere única y exclusivamente a Santiago Iglesias Silva y a su esposa, que para los efectos de la obligación sus-crita por ellos, constituyen una sola parte. El error, si es que existe, constituye una mera irregularidad que no puede ser motivo de nulidad. Luego de anotada la rebeldía se dictó sentencia contra ambos demandados, mencionándose por sus nombres. Para la validez de una sentencia en rebeldía con-tra un demandado no es necesaria la anotación de la misma por el Secretario. 14 Cal. Jur. 883,; *Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341, 146 Pac. 880. Debe desestimarse el error apuntado.

El tercer error se basa en que en la alegación quinta de la demanda se dice que el importe del pagaré es de $3,447 y según la sentencia el montante de la obligación asciende a $4,347.76. Se alega que la corte inferior erró al negarse a anular esta sentencia porque el Secretario no tuvo autoridad para registrarla. Se trata de un error mecanográfico. La

obligación se transcribe íntegra en la demanda y en la súplica de la misma se pide que se condene a los demandados a pagar al demandante $4,347.76, importe del pagaré. Los demandados aparecen querellándose de algo que en todo caso redundaría en su propio beneficio.

El cuarto error se basa en que la corte de distrito erró al declarar sin lugar la moción sobre nulidad de sentencia presentada por los demandados, basándose en que no se trata de un pleito sobre pago de dinero, sino de una acción donde se pide la venta en pública subasta del crédito hipotecario constituído a favor de los demandados. Éste es el único error que podría tener alguna importancia. La parte demandante solicitó que el secretario dictara sentencia por las cantidades reclamadas en la demanda sin decir palabra alguna acerca de la venta del crédito hipotecario. Convenimos en que. en este caso pudo decretarse por la corte la venta del crédito hipotecario para satisfacer el importe de la reclamación. La parte demandante no necesitaba hacer esta alegación. Después de haber obtenido sentencia en su favor pudo haberla ejecutado en cualquier bien no exento de ejecución perteneciente a los demandados. Si se tratara de una acción *in rem,* es claro que el Secretario no hubiese estado autorizado para registrar sentencia. La demandante, a pesar de alegar el crédito hipotecario en la demanda y de pedir en la súplica que por la corte se decretara su venta, sin embargo únicamente pidió al secretario que dictara sentencia por la cantidad reclamada y esto demuestra que optó por considerar su acción como un mero pleito en cobro de dinero. En el caso de *Font* v. *Rosales Cueli,* 42 D.P.R. 628, dijimos lo siguiente:

"Bajo la teoría de que estaba envuelta una hipoteca, parte del remedio era la venta de la propiedad gravada. Si la sentencia hubiera ordenado tal venta, entonces no era necesario ningún paso previo o preliminar por parte del márshal, y la teoría del apelado sería correcta. No obstante el viso que se le hubiera dado a la demanda de Cueli al ser originalmente radicada, él optó por considerarla como un mero pleito en cobro de dinero. De lo contrario,

el secretario no hubiera estado facultado para registrar sentencia. Debe prestarse apoyo para dar validez a los actos de funcionarios realizados según permite la ley, y, por tanto, la acción entablada por Cueli era o llegó a ser una en cobro de dinero. Un razonamiento similar puede en parte hallarse en Rosales v. Corte de Distrito, 33 D.P.R. 316.''

*Debe confirmarse la sentencia apelada.*