OSVALDO PARÉS, INC., demandante y recurrente, *v.* DOLORES GALÁN RODRÍGUEZ, demandada y recurrida.

*Número:* R-69-119        *Resuelto:* 10 de marzo de 1970

*Enrique Báez García* y *Víctor E. Báez,* abogados de la recurrente; *Luis A. Archilla Laugier,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Osvaldo Parés, Inc., inició una acción civil ante la Sala de Mayagüez del Tribunal Superior(1) contra Dolores Galán Rodríguez, alegando en su demanda lo siguiente:

"PRIMERO: Que con fecha 1ro. de septiembre de 1964, la aquí demandante radicó reclamación bajo la Ley Especial de Bienes Vendidos Condicionalmente contra la aquí demandada ante la Sala de Mayagüez del Tribunal de Distrito de Puerto Rico. En dicha ocasión la demandante obtuvo el embargo preventivo de la propiedad vendida condicionalmente a fin de asegurar la efectividad de la Sentencia que en su día pudiese recaer a su favor.

(1) El caso fue trasladado a la Sala de Bayamón del Tribunal Superior.

SEGUNDO: Que mediante petición de la aquí demandada dicho caso se trasladó para ante la Sala de Toa Alta del Tribunal de Distrito de Puerto Rico donde quedó radicada bajo el número CD-64-176.

TERCERO: Que la demandada contestó dicha reclamación, negó deber cantidad alguna y reconvino alegando que el embargo preventivo trabado por la demandante constituía un despojo ilegal de su propiedad y que el mismo le había causado serios daños y perjuicios. El demandante reconvencionado no contestó a dicha reconvención.

CUARTO: Después de señalarse el juicio para el 9 de julio de 1965 y 6 de agosto de 1965 el Tribunal notificó a las partes de una orden de 8 de septiembre de 1966 para que expusiese razones por las cuales no debía desestimarse el caso por no haberse efectuado trámite alguno por ninguna de las partes durante los seis (6) meses anteriores a la fecha de dicha orden y el 20 de octubre de 1966 el Tribunal ordenó la desestimación y archivo del caso sin hacer imposición de costas y notificándose la Sentencia a las partes.

QUINTO: El 20 de abril de 1967, la demandada reconvencionada solicitó se dejase sin efecto la Sentencia de Archivo en cuanto a la reconvención y dicha moción fue declarada con lugar por el Tribunal.

SEXTO: Que el 6 de octubre de 1967, se celebró la vista en sus méritos de la reconvención compareciendo únicamente la parte demandada reconvencionista. Dicho juicio produjo la Sentencia de 28 de marzo de 1968, en la que se decretó con lugar la reconvención y se condenó al demandante reconvencionado a pagar a la demandada reconvencionista la suma de SEIS MIL TRESCIENTOS SETENTA Y CINCO DOLARES ($6,375.00), las costas del litigio y la suma de CIEN DOLARES ($100.00) por concepto de honorarios de abogado y, se ordenó además, la devolución a la demandada reconvencionista del bien embargado. Dicha Sentencia fue notificada a la parte perdidosa el 28 de marzo de 1968.

SEPTIMO: Que con fecha 30 de abril de 1968 el demandante reconvencionado radicó una moción bajo la Regla 49.2 de las de Enjuiciamiento Civil solicitando se le relevase de la Sentencia antes mencionada y se le admitiese la contestación a la recon-

vención. La demandada reconvencionista se opuso por escrito a la moción bajo la Regla 49.2 y el 3 de septiembre de 1968, la Sala de Toa Alta del Tribunal de Distrito de Puerto Rico dictó su Resolución declarando sin lugar la antes mencionada moción bajo la Regla 49.2.

OCTAVO: Que las razones por las cuales el demandante reconvencionado solicitó la nulidad de la Sentencia de 28 de marzo de 1968, son las siguientes:

(1) Habiéndose contestado la reclamación original de 1ro. de septiembre de 1964 radicada por el demandante bajo la Ley de Ventas Condicionales no procede al archivo y desestimación de la demanda por falta de gestión según lo dispuesto en la Regla 11 de las de Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico.

(2) La reconvención que sirve de base a la Sentencia de 28 de marzo de 1968, nunca fue contestada por el demandante reconvencionado por lo que, requiriendo dicha reconvención una alegación responsiva, se necesitaba se le anotase la rebeldía a la parte demandante reconvencionada para que se pudiera dictar Sentencia en Rebeldía en contra suya no habiéndose anotado la antes mencionada rebeldía en ningún momento antes de celebrarse la vista de la reconvención para determinar los daños sufridos por la demandada reconvencionista.

(3) La reconvención que sirve de base a la Sentencia de 28 de marzo de 1968, es totalmente prematura pues dicha reconvención está predicada en un acto de embargo ilegal por lo que requiere que el pleito en el cual se embargaron los bienes hubiese terminado favorablemente a favor del embargado. No habiendo nunca terminado el pleito principal la reconvención era prematura.

(4) Toda vez que la acción por daños y perjuicios basada en un embargo ilegal requiere que la acción donde se efectúa el embargo haya terminado la misma tiene que ser un pleito posterior, separado y diferente al pleito en que se hace el embargo por lo que la reconvención en dicho caso debe ser traída mediante una acción separada luego de terminarse el pleito principal, por lo que en este pleito la reclamación objeto de la reconvención no aducía causa de acción y excedía la cuantía jurisdiccional del Tribunal de Distrito Sala de Toa Alta y tenía

que ser un pleito diferente el Tribunal de Distrito Sala de Toa Alta carece de jurisdicción para entender en dicha reconvención.

NOVENO: Que en adición a los fundamentos que se adujeron en la moción bajo la Regla 49.2 de 30 de abril de 1968, la parte aquí demandante entiende que la Sentencia dictada el 28 de marzo de 1968 es nula por los siguientes fundamentos adicionales:

(1) La reconvencionada obtuvo Sentencia en Rebeldía sin notificar con por lo menos tres (3) días de anticipación de la vista a la parte reconvencionada de su solicitud de sentencia habiendo la parte reconvencionada comparecido en juicio al radicar su reclamación original con fecha 1ro. de septiembre de 1964.

(2) Por ser el procedimiento de reclamación de bienes vendidos condicionalmente uno de carácter sumario no se podía dentro de dicho procedimiento radicar una reconvención por la vía ordinaria.

DECIMO: Que la reconvención radicada por la demandada y la que, de prosperar debía ser el objeto de un pleito independiente, excede la cuantía jurisdiccional del Tribunal de Distrito, Sala de Toa Alta, por ser en exceso de DOS MIL QUINIENTOS DOLARES ($2,500.00).

UNDECIMO: Que la demandada-reconvencionista nunca le anotó la rebeldía al demandante así como tampoco le notificó con antelación a la vista del juicio de su solicitud de sentencia en rebeldía y fue en esas condiciones que se dictó la sentencia de 28 de marzo de 1968, copia de la cual se acompaña y se marca Exhibit A.

POR TODO LO CUAL suplica la aquí demandante de este Hon. Tribunal se sirva en su día y previo los trámites legales de rigor declarar con lugar la presente demanda decretando la nulidad de los procedimientos efectuados en el Tribunal de Distrito de Puerto Rico, Sala de Toa Alta, en el pleito seguido por Osvaldo Parés, Inc., demandante, vs. Dolores Galán Rodríguez, demandada, Civil Núm. CD-64-176, sobre Reclamaciones de Bienes Vendidos condicionalmente así como cualquier otro pronunciamiento que en derecho proceda."

La demandada radicó una moción solicitando se desestimara la demanda por constituir cosa juzgada.

Oídas las partes sobre esta moción por medio de memoranda, el tribunal a quo dictó sentencia desestimando la demanda y condenando a la demandante al pago de las costas y $400.00 para honorarios de abogados.

Expedimos un auto para revisar dicha sentencia.

La demanda fue interpuesta a tenor con las disposiciones de la Regla 49.2 de las de Procedimiento Civil preceptiva en parte de que dicha Regla no limita el poder del Tribunal para "(a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) . . ." La Regla 49.2 concede un remedio adecuado en el propio tribunal sentenciador para relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones enumeradas en la propia regla. La razón invocada por la demandante para que se le releve de la sentencia dictada en su contra por el Tribunal de Distrito, Sala de Toa Alta, es la marcada con el número (4) de la Regla, a saber: nulidad de sentencia.

■ Antes de radicar el pleito independiente sobre relevo de sentencia, la demandante utilizó el procedimiento prescrito en la Regla 49.2 acudiendo al Tribunal de Distrito, Sala de Toa Alta, con una moción en la cual alegó como razones para que se le relevara de la sentencia (1) que no procedía el archivo y desestimación de la demanda original sobre reposesión de bienes vendidos bajo contrato de venta condicional, (2) que no procedía dictarse la sentencia sobre la reconvención sin antes anotarse la rebeldía a la demandante reconvencionada, (3) que dicha reconvención era prematura porque el pleito en el cual se había trabado el embargo no había terminado, (4) que dicha reconvención debió ser traída en acción separada porque (a) la reconvención no aducía hechos constitutivos de una causa de acción y (b) la reconvención excedía de la cuantía jurisdiccional del Tribunal de Distrito.

La demandante tuvo oportunidad de plantear estas cuestiones en (1) un recurso de apelación contra la sentencia declarando con lugar la reconvención, y (2) en la revisión de la orden del Juez de Distrito declarando sin lugar la moción bajo la Regla 49.2. Sin embargo, no hizo uso del remedio de revisión.

No convenimos con la aquí recurrente en que hubiera sido inútil apelar de la sentencia del tribunal de distrito o solicitar la revisión de la orden declarando sin lugar su moción sobre relevo de dicha sentencia. Los hechos en que la demandante se fundaba para solicitar, en caso de haberse apelado de la sentencia del Tribunal de Distrito, o en caso de haberse solicitado la revisión de la orden denegando su relevo de dicha sentencia, surgían todos de los autos del caso ante el susodicho Tribunal de Distrito. Su ataque a la sentencia se fundaba tanto en errores procesales como en la falta de causa de acción en la reclamación establecida mediante la reconvención y nada impedía a la aquí recurrente hacer su planteamiento en el correspondiente recurso ante el tribunal de apelación.

Tampoco era inadecuado el remedio que utilizó la recurrente ante el Tribunal de Distrito al amparo de la Regla 49.2. El hecho de que la moción no afectara la finalidad de la sentencia ni suspendiera su efecto por disposición de ley, no le impedía obtener el remedio adecuado en el Tribunal apelativo, mediante el ejercicio por dicho Tribunal de sus facultades en auxilio de su jurisdicción.

Ocurre en este caso la situación extraordinaria de que la recurrente ha tratado de utilizar tanto el remedio de relevo de sentencia mediante moción que provee la Regla 49.2 como el pleito independiente, ambas basadas en las mismas razones. Quizás en un caso apropiado, como cuando la sentencia es verdaderamente nula, puede obviarse el reparo al uso de ambos remedios, cuestión esta que no estamos decidiendo, porque como se verá más adelante no estamos ante ese caso.

■ De todos modos el pleito independiente incoado por la recurrente, parece haberse usado como un sustituto del remedio de apelación o revisión y ello no es permitido.

Independientemente de que la recurrente tuvo amplia oportunidad de discutir y litigar los motivos de nulidad de sentencia señalados en la demanda bajo los números 1, 2, 3 y 4 en el propio tribunal sentenciador, y de cuya resolución no se apeló y que pueden por tanto considerarse como adjudicados bajo la doctrina de cosa juzgada, *Infanzón* v. *Admor. Estabilización Econ.*, 84 D.P.R. 459, 466 (1962), dichos motivos o razones o apuntamientos legales, no producen la nulidad de la sentencia dictada por el Tribunal de Distrito. Veamos.

■ La sentencia del Tribunal de Distrito no es nula porque se decretara el archivo del pleito de reposición bajo la Regla 11 de las de Administración. La inactividad de las partes en la tramitación del pleito por un período en exceso del señalado en la regla justificaba la sentencia de archivo luego de observarse, como se observó, el debido procedimiento para ello.

■ La segunda razón de nulidad tampoco puede prosperar. Para la validez de una sentencia en rebeldía no es requisito la previa anotación de la rebeldía. *Roig Commercial Bank* v. *Iglesias*, 47 D.P.R. 858 (1934); *Ruiz y Cía.* v. *García*, 47 D.P.R. 105 (1934).

■ Se alega como tercer motivo de nulidad que la reconvención era prematura porque el pleito en el cual se trabó el embargo no había terminado en favor del dueño de los bienes embargados. Respecto de la cuestión relativa a si dentro del pleito de reposesión procedía la reconvención— véase *Isaac Sánchez* v. *Universal C.I.T. Credit*, 95 D.P.R. 372 (1967). De todos modos cuando se celebró la vista sobre la reconvención así como cuando se dictó la sentencia, ya la demanda de reposesión había sido archivada y causado el

efecto de cosa juzgada por lo que el pleito donde se trabó el embargo había terminado a favor de la allí demandada. *Sucesión Rosario* v. *Sucesión Cortijo*, 83 D.P.R. 678 (1961); *Souchet* v. *Cosío*, 83 D.P.R. 758 (1961).

■ En la razón número 4 además de repetirse la cuestión sobre la prematuridad de la reconvención, se sostiene que el Tribunal de Distrito carecía de jurisdicción para entender en dicha reconvención por razón de la cuantía reclamada y adjudicada en la sentencia. Tampoco ello es un motivo válido de nulidad.

De acuerdo con la Sec. 10 de la Ley de la Judicatura [4 L.P.R.A. sec. 62], todo caso podrá ventilarse en la sección o sala en que se radique, por convenio de las partes y anuencia del Juez que presida la sala.

■ El convenio de las partes para que el caso se vea en una sala inapropiada puede ser expreso o tácito. La conformidad de una parte se manifiesta con su conducta o inacción al no oponerse, teniendo oportunidad para ello, a que el caso siga tramitándose en la sala que no es la propia. La incomparecencia o rebeldía de una parte, luego de haber sido citada, debe considerarse como el convenio o conformidad de dicha parte para que el caso se siga viendo en la sala donde fue radicado. *Rodríguez* v. *Registrador*, 75 D.P.R. 712 (1953).

La recurrente fue notificada de la radicación de la reconvención en el Tribunal de Distrito, así como del señalamiento para la vista y no contestó la reconvención ni compareció a la vista. En el supuesto de que no procediera la ventilación de la reconvención en la Sala de Orocovis del Tribunal de Distrito, la recurrente dio, con su inacción, su consentimiento para que continuara ventilándose en dicha Sala.

Como fundamento adicional de nulidad se alega en la demanda del pleito independiente que no se notificó con tres

días de anticipación de la vista para obtener sentencia en rebeldía. A pesar de que el aquí recurrente no contestó la reconvención, no se le anotó la rebeldía. La vista de la reconvención fue notificada a todas las partes pero la reconvencionada dejó de comparecer a la misma. Es por lo tanto frívolo ese motivo de nulidad.

En cuanto a las otras razones de nulidad adicionales alegadas en la demanda, ya hemos dispuesto de ellas al resolver sobre la procedencia de la reconvención y la jurisdicción del Tribunal de Distrito para conocer de la misma bajo las circunstancias concurrentes.

*Por las razones expuestas, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Bayamón.*

El Juez Presidente Señor Negrón Fernández no intervino.

