# 99 DTA 183

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI-CAGUAS-HUMACAO-GUAYAMA**

FRANCISCO ROSARIO GALARZA
Recurrido

v.

CARLOS NIEVES MARTINEZ, SECUNDINO ARROYO ROSARIO
Recurrentes

Núm. KLCE-99-00209

San Juan, Puerto Rico, a 19 de mayo de 1999

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los peticionarios, Carlos Nieves Martínez y Secundino Arroyo Rosario, acuden ante nos mediante *certiorari* y solicitan que revoquemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el 27 de enero de 1999, notificada el 11 de febrero del mismo año. En la misma dicho foro declaró NO HA LUGAR una moción de relevo de sentencia presentada por los peticionarios, allí demandados, al amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil. █

Para una adecuada comprensión de la controversia planteada, a continuación exponemos un breve resumen del trasfondo fáctico y procesal que ha dado origen al recurso instado, según surge del expediente ante nuestra consideración.

# I

El 13 de noviembre de 1996, el demandante, aquí recurrido, Francisco Rosario Galarza, presentó demanda contra los peticionarios, en la que planteó un alegado conflicto respecto a los puntos de colindancia de su terreno, aduciendo que el demandado, Secundino Arroyo Rosario, era colindante con su propiedad y que el co-demandado, Carlos Nieves Martínez, había movido uno de los puntos de colindancia de su finca. Solicitó del Tribunal de Primera Instancia autorización para realizar una nueva mensura para establecer los puntos de colindancia, y que una vez realizada la mensura se procediera al deslinde y se fijara la colindancia para construir una verja con el propósito de dividir los puntos colindantes.

La parte demandada, representada en ese momento por el Lcdo. Jaime Corujo Collazo, presentó moción de prórroga para contestar la demanda instada, a lo cual el tribunal accedió.

Posteriormente, el demandante presentó moción de anotación de rebeldía, alegando que luego de haber emplazado debidamente al demandado, habían transcurrido treinta y tres (33) días sin que éste hubiese contestado la demanda.

A partir de este momento, la parte demandante presentó tres (3) mociones consecutivas solicitándole al tribunal de instancia que dictara sentencia en rebeldía contra el demandado. Las mismas fueron radicadas el 6 de febrero, el 21 de marzo y el 21 de mayo de 1997.

El 18 de julio de 1997, la parte demandante presentó una vez más solicitud de anotación de rebeldía contra la parte demandada, haciendo en la moción un recuento de todo lo ocurrido hasta ese momento.

El 8 de octubre de 1997, el foro de instancia anotó la rebeldía a la parte demandada y el 27 de enero de 1998, emitió sentencia en rebeldía. Autorizó a la parte demandante a efectuar la mensura solicitada y a establecer los puntos de la colindancia de la finca, según los planos presentados.

Luego de haber sido dictada la sentencia, el 10 de junio de 1998, la parte demandada presentó una moción en la que informó al tribunal que el demandante había comenzado a colocar los puntos de colindancia, sin haber citado a los demandados, quienes eran los dueños de los predios colindantes. Solicitó del tribunal que le ordenara al demandante la paralización de las labores que estaba realizando e indemnizara a los demandados por los daños causados.

Así también, el 17 de junio de 1998, la parte demandada presentó la contestación a la demanda y una moción para que se dejara sin efecto la anotación de rebeldía. De otra parte, el Lcdo. Jaime Corujo Collazo solicitó autorización para renunciar a la representación legal de los demandados.

La parte demandante presentó una réplica a tales mociones en la que arguyó que en cuanto a la controversia a la que aludía la parte demandada había ya una sentencia dictada, la cual era final y firme.

El 22 de junio de 1998, el Tribunal de Primera Instancia le notificó al demandado que en su caso se había dictado sentencia desde el 27 de enero de 1998, por lo que la misma era final y firme, declaró sin lugar la moción para que se dejara sin efecto la anotación de rebeldía, y aceptó la renuncia de representación legal del Lcdo. Jaime Corujo Collazo.

Inconforme, la parte demandada presentó una moción al amparo de las Reglas 45.3 y 49.2 de las de Procedimiento Civil. Planteó que les tomó por sorpresa que se hubiese dictado sentencia en su contra. Alegaron no haberse enterado de ello, a pesar de que tenían un abogado que los representaba. Solicitaron que se dejase sin

efecto la sentencia y se ordenara la paralización de la verja en construcción. El tribunal, luego de haber ordenado a la parte demandante a que expusiera su posición, citó a las partes a una vista para discutir los planteamientos formulados.

El 27 de enero de 1999, el foro de instancia emitió resolución declarando sin lugar la moción de relevo de sentencia. Concluyó que no estaban presentes los fundamentos que disponen las reglas citadas para relevar de la sentencia a los demandados. Expresó que esta parte estaba representada por el licenciado Corujo Collazo y se les notificó de la sentencia por medio de éste.

De dicha resolución recurre ante nos la parte demandada, planteando el siguiente error:

*"Erró manifiestamente el Tribunal de Primera Instancia al declarar no ha lugar la moción de relevo de sentencia y sus efectos al amparo de las Reglas 45.3 y 49.2 de Procedimiento Civil de Puerto Rico, viéndose adversamente afectado el derecho propietario de los demandados."*

Contando con la posición de ambas partes, estamos en condiciones de resolver. Veamos.

## II

La Regla 45.3 de Procedimiento Civil, antes citada, dispone que por causa justificada el tribunal podrá dejar sin efecto una anotación de rebeldía, y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2. En el caso de autos estamos ante el segundo aspecto contemplado en la citada regla, ya que el tribunal de instancia dictó sentencia en rebeldía contra el peticionario, por lo que el curso procesal posterior debía continuar acorde con las disposiciones establecidas en la Regla 49.2 de Procedimiento Civil. Esta regla preceptúa, que mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento, por las siguientes razones:

*"(1) Error; inadvertencia, sorpresa, o negligencia excusable;*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*

El Tribunal Supremo ha considerado la estrecha relación entre las Reglas 45.3 y 49.2, estableciendo que los criterios inherentes a la Regla 49.2, tales como, que el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia dictada, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 D.P.R. 283 (1988); *Murphy Lugo v. Atl. So. Insurance Co.,* 91 D.P.R. 335 (1964).

Del lenguaje de la Regla 49.2, se desprende que la misma provee un mecanismo para que una parte pueda solicitar el relevo de una sentencia en su contra, siempre que se cumpla con alguna de las causales allí enumeradas y se presente la misma dentro de un término de seis (6) meses de haberse registrado la sentencia. El término de seis meses es de naturaleza fatal. *Banco Santander P.R. v. Fajardo Farms Corp.* ___ D.P.R. ___ (1996), **96 J.T.S. 100,** opinión de 28 de junio de 1996; *Sánchez Ramos v. Troche Toro*, 111 D.P.R. 155 (1981).

El peso de probar, mediante preponderancia de prueba, los hechos que constituyen una justificación a su favor recae sobre la parte directamente afectada por la sentencia, no siendo suficiente una escueta alegación al respecto. *Dávila v. Hospital San Miguel, Inc.*, 117 D.P.R. 807 (1986); *Díaz v. Tribunal Superior,* 93 D.P.R. ___ (1966).

A pesar de que la jurisprudencia proclama la interpretación liberal de la Regla 49.2, ello no significa que debamos ofrecer una atención desmedida a uno de los dos intereses que hay que balancear. Dicha regla es un mecanismo para evitar que tecnicismos y sofisticaciones frustren los fines de la justicia y no puede ser considerada una llave maestra para reabrir a capricho un pleito ya adjudicado y echar a un lado una sentencia correctamente dictada. *Imp. Vilca v. Hogares Crea,* 118 D.P.R. 679 (1987); *Ortiz Serrano v. Ortiz Díaz,* 106 D.P.R. 445 (1977); *Ríos v. Tribunal Superior,* 102 D.P.R. 793 (1974).

Los peticionarios arguyen que nunca se les notificó la sentencia que dictó el tribunal *a quo* el 28 de enero de 1998. Sin embargo, dicho argumento nunca fue llevado ante la consideración del tribunal de instancia por la anterior representación legal del demandado, el licenciado Corujo Collazo. Por el contrario, en la resolución emitida por el tribunal recurrido el 27 de enero de 1999, dicho foro expresa que la sentencia a la que alude el demandado fue debidamente archivada en autos el 19 de marzo de 1998, e igualmente notificada al licenciado Corujo. ■

Reiteradamente se ha sostenido que las decisiones de nuestros tribunales tienen a su favor una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés,* 83 D.P.R. 685 (1961). Los peticionarios no nos han puesto en condiciones de ejercer nuestra discreción hacia su reclamo, por no haber demostrado con evidencia suficiente, que tal presunción de validez y corrección ha quedado derrotada. Lo que surge del análisis de la controversia es que la decisión del tribunal estuvo plenamente justificada. Los peticionarios tampoco nos han puesto en posición de identificar o determinar cuál de los fundamentos enumerados en la citada Regla 49.2, hace justificable en derecho que podamos conceder el relevo de la sentencia tal y como se pretende. Lo que han esbozado son meras alegaciones generales que no constituyen prueba. *Pressure Vessels of P.R. v. Empire Gas of P. R.,* ___ D.P.R. ___ (1994), **94 J.T.S. 144,** opinión de 23 de noviembre de 1994; *Ramos Robles v. García Vicario,* ___ D.P.R. ___ (1993), **93 J.T.S. 167**, opinión de 20 de diciembre de 1993.

Evidentemente, los peticionarios no fueron diligentes. La demanda que dio comienzo al caso de autos fue presentada el 13 de noviembre de 1996 y desde entonces la parte demandante diligentemente pidió al tribunal de instancia, en diversas ocasiones, que le fuera anotada la rebeldía a los demandados a causa de su inacción en el caso. No fue hasta mucho tiempo después de recaer la sentencia en su contra que los demandados presentaron su contestación a la demanda, acompañada de otras mociones.

Aunque la referida Regla 49.2 de Procedimiento Civil debe ser interpretada de forma liberal, el interés de que los pleitos se vean en los méritos no puede bajo toda circunstancia prevalecer sobre los intereses igualmente justos, de evitar la congestión en los calendarios, de que los casos se resuelvan con prontitud, se termine la incertidumbre, se eviten las demoras innecesarias en el trámite judicial, y se promueva la solución justa, rápida y económica de las controversias. *Angelo Pardo v. Sucn. de Jorge Estella Royo,* ___ D.P.R. ___ (1998), **98 J.T.S. 80,** opinión de 17 de junio de 1998; *Dávila v. Hospital San Miguel, Inc., supra.*

Una parte que abandona sus obligaciones procesales no puede impedir que el tribunal continúe con los procedimientos en la forma en que el ordenamiento jurídico lo requiere. Tampoco puede utilizarse la Regla 49.2 como sustituto del remedio de apelación y otros recursos. *O. Pares, Inc. v. Galán*, 98 D.P.R. 772 (1970).

### III

Por los fundamentos antes expuestos, y no habiéndose cometido el error señalado, se expide el auto y se confirma la resolución recurrida.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 183**

1. 32 L.P.R.A. Ap. III, Reglas 45.3 y 49.2.

2. Apéndice del recurso. Anejo I, págs. 3 y 4.