## HENARES *v.* CASANOVA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez

No. 72.   Resuelto en Junio 24, 1904.

PROCEDIMIENTO—IRREGULARIDADES É INFORMALIDADES COMETIDAS EN ESTA MA-
TERIA.—Las irregularidades ó informalidades que pudieran haberse cometido
en un procedimiento determinado, no pueden ser materia de discusión en
otro juicio distinto ó independiente de aquél.

ADJUDICACIÓN DE BIENES HIPOTECADOS—GRAVÁMENES PREFERENTES—CRÉDITOS
COMUNES.—El adjudicatario de una finca hipotecada viene obligado á res-
ponder, con el valor de la misma finca, de las cargas que sobre ella pesen
y sean anteriores al crédito para el pago del cual le fuera adjudicada la re-
ferida finca, y cualquier sobrante que resultare á favor del deudor, después
de cubierto el importe del crédito motivo de la ejecución, deberá destinarse
al pago de las cargas preferentes, y no al de otros créditos comunes que
puedan existir contra el mismo deudor.

### EXPOSICIÓN DEL CASO.

En el juicio ejecutivo seguido en el Tribunal de Distrito
de Mayagüez, entre partes, de la una Don Agustín Hernández,
hoy su cesionario Don José Henares, y de la otra Don Miguel
Casanova en cobro de pesos, cuyo juicio, pende ante Nos á
virtud de recurso de casación, hoy de apelación, interpuesto
por Da. Ursula Casanova contra resolución dictada por aquél
Tribunal en dicho juicio.

"*Resultando*: que en el referido juicio ejecutivo presentó escrito
á la Corte de Distrito de Mayagüez la representación de Don Agustín
Hernández Mena en dos de Noviembre de mil novecientos uno, so-
licitando la ampliación de embargo sobre la cantidad de mil y pico
de pesos provinciales que con motivo del procedimiento sumarísimo
seguido ante la misma Corte por Doña Ursula Casanova contra su
hermano Don Miguel Casanova en cobro de pesos, habían quedado
á favor de éste en la adjudicación de bienes que por las dos terceras
partes de su precio se había hecho á favor de la Doña Ursula en el
mencionado procedimiento; y habiéndose accedido á tal pretensión
por auto de cinco de Noviembre citado, volvió á presentar escrito

la propia representación de Hernández Mena en ocho de Enero de mil novecientos dos, con súplica de que se requiriera á Doña Ursula Casanova para que dentro de tercero día consignara en la Secretaría del Tribunal la cantidad de novecientos noventa y ocho dollars con ochenta y ocho centavos, á que según, liquidación practicada ascendía el sobrante que había quedado á favor de Don Miguel Casanova, después de cubierto el crédito de Da. Ursula, de cuyo sobrante se hiciera entrega á Hernández Mena, á cuenta del capital, intereses y costas que reclamaba en el juicio ejecutivo.

*Resultando*: que á ese segundo escrito proveyó la Corte deDis trito de Mayagüez que se trajera á los autos constancia expresiva de la liquidación practicada en el procedimiento sumarísimo de que se deja hecho mérito, y traida dicha constancia aparece: 1º. Que la finca adjudicada á Doña Ursula Casanova reportaba una primera hipoteca á favor de Don Eduardo Bayron por siete mil cuatrocientos noventa pesos, intereses y cóstas: 2º Que la misma finca había sido hipotecada á favor de Don Julio Savona por dos mil seiscientos treinta y tres pesos y costas: 3º. Que con posterioridad se constituyó hipoteca á favor de Doña Ursula Casanova, importando dicha hipoteca cinco mil seiscientos cincuenta y nueve dollars ochenta centavos, después de deducida parte de ella que había sido cancelada, importando las costas tasadas ciento cincuenta y tres dollars, que unidos á aquélla cantidad dan la suma de cinco mil ochocientos doce dollars con ochenta centavos: 4º. Que la adjudicación se hizo á Doña Ursula por las dos terceras partes del valor de la finca, ó sea por seis mil ochocientos dollars, quedando por tanto un sobrante de novecientos ochenta y siete dollars con veinte centavos á favor del deudor Don Miguel Casanova, de cuyo sobrante debía destinarse lo necesario á cubrir las anteriores hipotecas.

*Resultando*: que en vista de la expresada constancia acordó el Tribunal de Mayagüez en cuatro de Febrero siguiente que también se trajera á los autos copia certificada de la solicitud de Da. Ursula Casanova pidiendo la adjudicación de la finca y del auto de adjudicación, haciéndose constar por Secretaría si se había aprobado la liquidación de cargas, y expedida tal certificación, aparece que Doña Ursula Casanova solicitó en el procedimiento sumarísimo con fecha veinte y nueve de Octubre demil novecientos uno, que no habiéndose presentado postor en el acto de la subasta se hiciera á su favor la adjudicación de los bienes hipotecados, con arreglo á derecho, para cubrir el importe del crédito reclamado y las costas, otorgando en su oportunidad el acta de adjudicación que previene el artículo

174 del Reglamento para la ejecución de la Ley Hipotecaria, prévia la práctica de las operaciones de liquidación y tasación de costas, á cuyo escrito recayó auto en veinte y uno del propio Octubre, por el que se adjudicó á Doña Ursula Casanova la finca rústica hipotecada, por las dos terceras partes de su valor, en pago de la cantidad reclamada y costas, las que se tasarían, practicándose además la oportuna liquidación de cargas y deduciéndose del crédito hipotecario la cantidad que fué objeto de la escritura de cancelación, que acompañaba al referido escrito, entendiéndose por tanto la adjudicación por la diferencia que resultara.

*Resultando*: que en la anterior certificación se hizo constar que en tres de Marzo de mil novecientos dos se había aprobado la liquidación de cargas practicada en procedimiento ejecutivo sumarísimo seguido por Da. Ursula Casanova contra Don Miguel del mismo apellido.

*Resultando*: que la Corte de Mayagüez por auto del día 11 del propio Marzo dispuso se requiriera á Da. Ursula Casanova para que dentro de tercero día consignara el sobrante de novecientos ochenta y siete dollars veinte centavos embargados, y verificada la consignación se pusiera constancia de ella en el juicio sumarísimo.

*Resultando*: que de ese auto pidió reposición la representación de Da. Ursula Casanova en el sentido de que se acordara que no había términos hábiles para hacer extensivo á un juicio ejecutivo seguido en cobro de un pagaré los efectos de una liquidación de cargas y de una adjudicación realizadas en un sumarísimo tramitado en cobro de un crédito hipotecario, ni para aplicar fuera del juicio sumarísimo los sobrantes que tienen señalada su inversión en la Ley para cubrir cargas anteriores de naturaleza hipotecaria.

*Resultando*: que denegada la reposición por auto de nueve de abril siguiente, se tuvo por parte en el juicio á Don José Henares y Gimenez como cesionario de Don Agustín Hernández Mena, y habiendo interpuesto Doña Ursula Casanova recurso de casación contra dicho auto le fué denegado en veinte de Mayo, por lo que acudió en queja ante esta Corte Suprema, la que ordenó fuera admitido el recurso de casación denegado, como así se hizo por la Corte de Mayagüez.''

*Resultando*: que elevados los autos á esta Corte Suprema prévia citación y emplazamiento de las partes, se tramitó dicho recurso como de apelación, señalándose día para la vista que tuvo lugar en el día señalado.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado del apelado: *Sr. Quintero (Juan).*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que sean cuáles fueren las informalidades cometidas en el procedimiento ejecutivo sumarísimo seguido por Doña Ursula Casanova contra Don Miguel del propio apellido en cobro de un crédito hipotecario, informalidades que no cabe discutir en el presente recurso, es un hecho que sobre la finca que fué adjudicada á la Doña Ursula en el mencionado juicio gravitaban hipotecas anteriores á la de la expresada señora, y por tanto ella está obligada á responder de esas cargas con arreglo al artículo 172 del Reglamento para la ejecución de la Ley Hipotecaria, con el valor de la misma finca que le fué adjudicada, como así vino á reconocerse en parte, al consignarse en la liquidación de cargas, aprobada judicialmente, que quedaba un sobrante de 987 dollars con veinte centavos á favor de Don Miguel Casanova, cuyo sobrante debía destinarse en lo necesario á cubrir las anteriores hipotecas, sin que por tanto pueda destinarse hoy al pago de otro crédito común, cuál lo es el que sirve de materia al presente ejecutivo.

*Fallamos*: que debemos revocar y revocamos el auto recurrido de nueve de Abril de mil novecientos dos, y sus concordantes anteriores, de cinco de Noviembre de 1901 y 11 de Marzo de 1902, entendiéndose á cargo de la parte ejecutante las costas causadas en el juicio con motivo de su pretensión de ampliación de embargo, y sin especial condena, las del recurso; y el Tribunal de Distrito de Mayagüez proceda con arreglo á derecho, devolviéndosele los autos con certificación de la presente resolución á las fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.