RIGOBERTO FIGUEROA y MARGOT FIGUEROA JIMÉNEZ, demandantes y recurridos, *v.* BANCO DE SAN JUAN ET AL., demandado y peticionario.

*Número:* O-78-16  *Resuelto:* 16 de mayo de 1979

*Manuel Moreda Toledo, Hernán Torres Platini* y *Vicente M. Ydrach Fournier,* abogados del peticionario; *Edelmiro Salas García,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Este recurso envuelve el ejercicio de la acción independiente reconocida por la Regla 49.2 de Procedimiento Civil para el relevo de una sentencia y de los procedimientos de ejecución, que siempre suscita contienda entre dos principios fundamentales del ordenamiento procesal, el que favorece la finalidad y certeza de los procedimientos judiciales, esencial para la estabilidad y eficacia de la administración de justicia y, el no menos vital, de impartir justicia a las partes. La conciliación de ambos principios debe lograrse sopesando en fino balance los hechos pertinentes del caso. Procedemos de inmediato a examinar el récord.

## I

El 18 de junio de 1975 el peticionario Banco de San Juan instó demanda en cobro de dinero y ejecución de prenda e hipoteca contra los recurridos Rigoberto Figueroa y Margot Figueroa Jiménez. Alegó en dicha demanda que en 30 de marzo de 1973 los mencionados demandados suscribieron a favor del Banco un pagaré por la suma de $15,000 garantizado colateralmente por un pagaré hipotecario al portador otorgado por Margot Figueroa Jiménez por la cantidad de $50,000 dado en prenda. Solicitó el Banco que se dictara sentencia condenando a los demandados a pagar las sumas reclamadas y que de no pagarse las mismas se librara el correspondiente mandamiento de ejecución para ser efectivo sobre cualesquiera bienes de los demandados, específicamente pero no limitado a la venta en pública subasta de la propiedad hipotecada.

Los demandados no contestaron la demanda a pesar de que solicitaron y se les concedió tiempo adicional para hacerlo. El caso se señaló en rebeldía y el 8 de diciembre de 1975 se dictó sentencia de conformidad. Tanto el señalamiento de la vista en rebeldía como la sentencia se notificaron a los demandados y estos no hicieron gestión alguna para reabrir el caso ni para solicitar revisión.

Se expidió mandamiento de ejecución, y, publicados los edictos correspondientes, se celebró la subasta el 19 de abril de 1976. La buena pro se le adjudicó a Sixto Campano Luelmo por la suma de $20,000.

No es hasta el 17 de mayo de 1976 que los demandados en dicho pleito comparecen al tribunal de instancia a impugnar la subasta aduciendo que:

a) La subasta fue celebrada contrario a las disposiciones de los Arts. 1762 y sig. del Código Civil que regulan el contrato de prenda.

b) La subasta se celebró contrario a las disposiciones de la escritura de hipoteca la cual señalaba un tipo mínimo de $55,000.

c) No se requirió en el mandamiento de ejecución que primero se hiciera efectiva la sentencia en bienes muebles del deudor, conforme la Regla 51.5 de Procedimiento Civil.

d) No se embargó previamente la propiedad inmueble a pesar de que se trataba de una acción personal.

e) No se citó al deudor y al dueño de la prenda a la subasta de conformidad con el Art. 1771 del Código Civil.

f) Al momento de la ejecución el acreedor prendario no era dueño de la prenda por lo que no podía solicitar la ejecución de la prenda y de la hipoteca en el mismo procedimiento.

g) El mandamiento de ejecución no se instó en nombre de los Estados Unidos y del Estado Libre Asociado de Puerto Rico.

El tribunal de instancia celebró una vista sobre los méritos de esta moción y solicitó a las partes que presentaran alegatos en apoyo de sus respectivas contenciones. El Banco de San Juan presentó el suyo pero no así los demandados promoventes de la moción de nulidad de subasta. El tribunal declaró sin lugar dicha moción al concluir que la Regla 49.2 no era el vehículo apropiado para dejar sin efecto la subasta por motivo de errores de derecho como los apuntados en los anteriores incisos (a), (b), (c), (d) y (f), relativos a cuestiones sustantivas que debieron haber sido levantadas en la tramitación del caso. No obstante, consideró y resolvió cada uno de los planteamientos aducidos por los demandados. Al efecto concluyó que la acción incoada era *quasi in rem* por lo que no era necesario embargar previamente el inmueble hipotecado ni hacer primero efectiva la sentencia sobre los bienes muebles de los deudores; que la Regla 72 de Procedimiento Civil derogó la disposición del Código de Enjuiciamiento Civil que exigía que las órdenes judiciales se instaran a nombre de los Estados Unidos y del Estado Libre Asociado; que las cuestio-

nes levantadas en los anteriores incisos (a) y (e) carecían de mérito ya que los mismos se refieren al procedimiento especial instituido por el Código Civil para la ejecución de prenda ante notario y no son aplicables al procedimiento ordinario seguido en este caso; que el procedimiento ordinario de ejecución de la prenda y de la hipoteca puede hacerse simultáneamente, según lo resuelto en *In Re Las Colinas, Inc.*, 294 F.Supp. 582 y *Acevedo* v. *Domenech, Tes.*, 52 D.P.R. 460 (1938); y, que el tipo mínimo de $55,000 se fijó para el caso de ejecución por el procedimiento ejecutivo sumario y no para el ordinario.[1]

Tampoco hicieron gestión los demandados para revisar la anterior resolución denegándoles el relevo de la subasta, a pesar de que la misma les fue notificada.

No obstante, simultáneamente con la moción de nulidad de subasta los recurridos Rigoberto y Margot Figueroa presentaron contra el Banco de San Juan una acción independiente para anular la sentencia y los procedimientos de ejecución en la que repitieron varios de los fundamentos aducidos en la moción de relevo denegada y adicionaron nuevos fundamentos, a saber:

1. El Banco de San Juan instó contra ellos acción en cobro de dinero en virtud de la cual obtuvo sentencia y ejecución de la propiedad garantizada en el pagaré hipotecario dado en prenda sin que se hubiese demandado ni emplazado a los deudores hipotecarios.

2. La obligación principal garantizada por el pagaré dado en prenda se había extinguido por lo que había quedado extinguida también la garantía hipotecaria.

3. El mandamiento de ejecución y la subasta son nulos por haberse hecho los mismos en contravención de lo precep-

---

[1] En *Ponce Federal Savings* v. *Gómez*, resolvimos que el tipo mínimo convenido en la escritura de constitución de hipoteca se aplica tanto al ejecutivo sumario como al ordinario, pero le dimos efecto prospectivo. Más adelante veremos, sin embargo, que la subasta cumplió con este requisito.

tuado por los Arts. 249, 251, 252, 253, 254, 255 y 258 del Código de Enjuiciamiento Civil y los Arts. 1, 2, 3, 4, 5, 6 y 7 de la Ley de Venta de Propiedad Personal Sujeta a Ejecución de 9 de marzo de 1905.

4. La obligación principal es nula por haberse pactado el cobro de intereses en exceso de lo autorizado por la ley.

5. El no relevar a Margot Figueroa de los efectos de la sentencia y de la ejecución equivaldría a privarle de su propiedad sin el debido proceso de ley.

El Banco solicitó el 7 de diciembre de 1976 la desestimación de la demanda mediante moción de sentencia sumaria fundándola esencialmente en que las alegaciones constituían cosa juzgada o impedimento colateral por sentencia. No contestaron los recurridos la moción de sentencia sumaria pero cuatro meses más tarde, el 19 de abril de 1977, presentaron una moción en la que informan al tribunal "que se acompaña declaración jurada y anexos creditivos de cuanto menos fraude en los procedimientos post sentencia llevado a cabo en el caso civil 75-4206 y de la existencia de una perfecta controversia de hechos en cuanto a la falta de identificación de la alegada obligación bajo la cual se encubre la confabulación practicada para despojar al compareciente de su propiedad."

Es por primera vez en el prolijo trámite de este asunto que los recurridos hábilmente insinúan la posibilidad de fraude y de una conspiración para despojarlos de la propiedad pero sin alegar hechos específicos constitutivos de fraude ni de confabulación. En la declaración jurada que acompañó dicha moción se limitaron a afirmar que la obligación principal de $15,000 había quedado extinguida, sin decir cuándo, cómo, ni por qué. También afirmaron que les constaba de propio conocimiento que la propiedad ejecutada tenía un valor de $300,000, según una tasación realizada seis años antes, y, que el adquirente en la subasta Sixto Campano Luelmo y el Banco de San Juan tenían conocimiento del valor inadecuado.

El tribunal de instancia denegó la moción de sentencia sumaria solicitada por el Banco aunque concluyó que efectivamente la acción independiente instada por los Figueroa constituía técnicamente cosa juzgada por haberse planteado las mismas cuestiones en la moción de reapertura bajo la Regla 49.2 promovida por los Figueroa en el caso 75-4206 y no haber acudido éstos al procedimiento de revisión. No obstante, se negó a desestimar la demanda por entender que la doctrina de cosa juzgada no debía aplicarse inflexiblemente, y, especialmente, cuando dicha doctrina, a juicio del tribunal, se esgrimía por un acreedor que obtuvo sentencia cuya ejecución si no era nula era irregular. Las irregularidades señaladas por el tribunal consistían en que el inmueble subastado tenía un valor superior a $300,000 según lo alegado por Figueroa; no se citó a los demandados a la subasta; no se intentó hacer la sentencia efectiva primero en los bienes muebles del deudor, y, la propiedad fue vendida a un arrendatario por la cantidad de $20,000 con un gravamen de $93,000.

Es decir, el tribunal de instancia adjudicó válida la sentencia de cobro de dinero y ejecución de prenda e hipoteca dictada en el caso civil 75-4206 pero dejó abierto el caso para dilucidar los anteriores puntos en un juicio plenario y oír prueba sobre fraude y precio inadecuado. En reconsideración ratificó su dictamen reafirmando que los hechos relativos a fraude y precio inadecuado estaban en controversia.

Expedimos el auto para revisar.

## II

■ Convenimos con el tribunal de instancia en que la doctrina de cosa juzgada impide al recurrido volver a litigar las cuestiones que planteó o pudo haber planteado en la solicitud de relevo de sentencia. *Mercado Riera* v. *Mercado Riera*, 100 D.P.R. 940 (1972); *González* v. *Méndez et al.*, 15 D.P.R. 701 (1909). Tampoco puede utilizar el mecanismo de una acción independiente para impugnar por errónea la validez de

la sentencia y de los procedimientos de ejecución en el caso civil 75-4206, ni para levantar cuestiones sustantivas que debieron haberse planteado como defensas afirmativas en el juicio. Dicha acción no tiene el propósito de sustituir el procedimiento de revisión o de proveer un remedio adicional contra una sentencia errónea. *González* v. *Chávez*, 103 D.P.R. 474 (1975); *Rodríguez* v. *Tribunal Superior*, 102 D.P.R. 290 (1974); *O. Parés Inc.* v. *Galán*, 98 D.P.R. 772 (1970); *E.L.A.* v. *Tribunal Superior*, 86 D.P.R. 692 (1962). Si así fuera, el pleito independiente para el relevo de sentencia constituiría un mero mecanismo procesal para extender indirectamente el término de revisión en menoscabo del interés fundamental en la estabilidad y certeza de los procedimientos judiciales. La Regla 49.2 preserva este interés fundamental al establecer un término fatal de seis meses para solicitar el relevo, al fijar en términos precisos las razones para el mismo, y, al excluir el error judicial, a distinción del error de la parte, como fundamento del remedio. *Banco Popular* v. *Tribunal Superior*, 82 D.P.R. 242 (1961).

█ No obstante, siempre se ha reconocido la facultad inherente del tribunal, ya sea a su propia instancia o a instancia de parte interesada o afectada, para dejar sin efecto en cualquier momento una sentencia nula u obtenida mediante fraude. *Calderón Molina* v. *Federal Land Bank*, 89 D.P.R. 704 (1963); *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961); *Sucn. Rosario* v. *Sucn. Cortijo*, 83 D.P.R. 678 (1961); *Roca* v. *Thomson*, 77 D.P.R. 419 (1954). Este poder inherente está reconocido por la Regla 49.2 la cual dispone al respecto que:

". . . Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiese sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal."

■ El esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos.

■ Se admite generalmente el ejercicio de la acción independiente en casos de sentencias nulas, ya que estas son inexistentes. *Calderón Molina* v. *Federal Land Bank*, 89 D.P.R. 704, 708; 7 Moore, *Federal Practice*, sec. 60.37(1), pág. 621; Wright & Miller, 11 *Federal Practice and Procedure*, 238. Una sentencia es nula cuando se ha dictado sin jurisdicción sobre la materia o las partes, o, en alguna forma infringe el debido proceso de ley. *E.L.A.* v. *Tribunal Superior*, supra, *Rodríguez* v. *Albizu*, 76 D.P.R. 631 (1954). Igualmente procede el ejercicio de la acción independiente contra una sentencia obtenida mediante fraude, error o accidente y cuando una parte se ha visto impedida de presentar sus defensas por maquinaciones y argucias de otra parte, siempre y cuando no haya sido negligente en el trámite de su caso o haya incurrido en falta. *Olivera* v. *Grace*, 122 P.2d 564. Moore, *op. cit.*, a las págs. 621–627; Wright & Miller, *op. cit.*, págs. 639–645.

### III

En el caso de autos, tanto el recurrido Rigoberto Figueroa como Margot Figueroa Jiménez fueron debidamente emplazados y tuvieron la oportunidad de comparecer y presentar sus defensas contra la acción de cobro de dinero y ejecución de prenda instada por el Banco de San Juan. Nada hicieron para defenderse; ni contestaron la demanda, ni solicitaron reapertura de rebeldía o acudieron al procedimiento de revisión de sentencia, renunciando con inexplicada pasividad a

los fundamentos de error que ahora pretenden levantar en el presente caso. Nada alegan ellos para justificar esta negligente desatención de su responsabilidad como litigantes en el trámite del litigio.

■ En cuanto al procedimiento de ejecución, nada hay en la ley que exija la notificación al dueño de la propiedad durante el trámite post sentencia. *Cf. Albaladejo* v. *Vilella Suau*, 106 D.P.R. 331 (1977). En *Avilés Vega* v. *Torres*, 97 D.P.R. 144 (1969), específicamente resolvimos que de ejecutarse la sentencia en cualqüier tiempo antes de los cinco años de ser ésta firme, como en el caso de autos, no es necesario la notificación de la orden de ejecución ni del mandamiento de embargo. Es propio asumir que todo litigante sabe las consecuencias de una sentencia en su contra y, por tanto, el recurrido Rigoberto Figueroa y Margot Figueroa Jiménez debían saber que la sentencia habría de ejecutarse contra la propiedad hipotecada en el pagaré que ellos dieron en prenda. Pero independientemente de ello, se dio aviso de la subasta mediante la publicación de edictos, tal y como lo requiere el Art. 251 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1132.

■ Los fundamentos aducidos por el recurrido Figueroa en este caso pudieron haber tenido mérito como errores de derecho en un procedimiento de revisión pero son ineficaces como fundamentos de nulidad en un pleito independiente pues la sentencia objeto del mismo es válida, según hemos podido ver anteriormente.

■ Con respecto al fundamento de fraude el caso del recurrido adolece de un grave defecto procesal pues no hizo alegación alguna de fraude sino que meramente se limitó a afirmar que la deuda de $15,000 se había extinguido y que la propiedad ejecutada tenía un valor de $300,000. Como es sabido, el fraude no sólo tiene que ser afirmativamente alegado sino que, además, debe exponerse detalladamente las

circunstancias que constituyen el mismo. Reglas 6.3 y 7.2 de Procedimiento Civil, I *Práctica Forense Puertorriqueña*, págs. 36 y 48–49.

Es de notar que el recurrido no afirma que la deuda se pagó sino que se extinguió. La supuesta extinción se funda en que el 17 de marzo de 1974 Rigoberto Figueroa suscribió otro pagaré por la misma cantidad vencedero el 30 de marzo de 1974 y que también quedó garantizada por el mismo pagaré hipotecario dado en prenda. El contrato de prenda fue otorgado en la misma fecha y suscrito también por Rigoberto Figueroa y Margot Figueroa Jiménez.

■ Este segundo pagaré no tuvo efecto novatorio ya que no hubo declaración extintiva al efecto ni el mismo es incompatible con el anterior pues no se trata de una nueva obligación sino de la misma obligación. El recurrido siguió debiendo la misma cantidad que tomó prestada al Banco de San Juan el 17 de marzo de 1973. No se alteró ni la causa ni el objeto del contrato de préstamo original; sólo se modificó la fecha de vencimiento. El cambio no tiene mayor importancia porque la demanda de cobro de dinero y ejecución de prenda se presentó vencida la segunda fecha de vencimiento.

■ En cuanto al precio inadecuado, el recurrido funda su argumentación en el hecho de que el precio obtenido en la subasta fue de $20,000. Omite decir que la propiedad ejecutada estaba sujeta a una primera hipoteca por la cantidad de $93,000 a favor del Banco Gubernamental de Fomento; obligación que viene obligado a responder el adquirente Luelmo con el valor del mismo inmueble por tratarse de un crédito preferente. *Henares* v. *Casanova*, 7 D.P.R. 299 (1904). El precio de venta ascendió por tanto, a un total de $113,000. La mera aseveración del recurrido de que el inmueble tenía un valor de $300,000 es insuficiente, sin más, para establecer una controversia sobre precio inadecuado. Como se sabe, el

precio por sí solo no es suficiente para dejar sin efecto una subasta, salvo cuando sea tan desproporcionadamente inadecuado que cree una presunción de fraude. *García* v. *Humacao Fruit Co.*, 25 D.P.R. 682 (1917). Si tomamos en cuenta que no se trata de una venta voluntaria, sino forzada, en la que el precio razonable debe determinarse, no en relación con el valor del inmueble en el mercado, sino con respecto a lo que se puede obtener en una subasta pública, es forzoso concluir que no se ha establecido controversia alguna de fraude por precio inadecuado.

En ausencia total de alegación de hechos específicos constitutivos de fraude y en las circunstancias que hemos apuntado, concluimos que el tribunal de instancia incidió al denegar la sentencia sumaria solicitada por el peticionario Banco de San Juan para desestimar la demanda instada en su contra por los recurridos Rigoberto Figueroa y Margot Figueroa Jiménez.

*Se dictará sentencia revocando la resolución recurrida y desestimando la referida demanda. Se devolverán los autos para que se continúen los procedimientos con respecto a las demás partes y causas de acción.*

El Juez Presidente Señor Trías Monge se inhibió. El Juez Asociado Señor Rigau no intervino, al igual que el Juez Asociado Señor Negrón García.