Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| COOPERATIVA DE AHORRO Y CRÉDITO DE LARES Y REGIÓN CENTRAL<br>Parte Peticionaria<br><br>v.<br><br>PROVIDENCIA PÉREZ BADILLO<br><br>Parte Recurrida | TA2025CE00715 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Utuado<br><br>Civil núm.: L3CI201400120<br><br>Sobre: Cobro de Dinero (Regla 60) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece la Cooperativa de Ahorro y Crédito de Lares y Región Central (Cooperativa o parte peticionaria) y solicita que revoquemos la *Resolución* emitida el 4 de septiembre de 2025, notificada el 6 de octubre de 2025[1], por el Tribunal de Primera Instancia, Sala de Utuado. Mediante el referido dictamen, el TPI denegó la solicitud de ejecución de sentencia presentada por la Cooperativa.

Luego de evaluar el recurso, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[2]. En virtud de lo anterior, denegamos la expedición del *certiorari* incoado.

## I. Trasfondo fáctico y procesal

El 12 de junio de 2014, la Cooperativa presentó una demanda sobre cobro de dinero bajo el procedimiento sumario de la Regla 60

---

[1] A solicitud de la Cooperativa, el 6 de octubre de 2025, se enmendó la notificación a los fines de incluir a la parte demandada. Véase, págs. 14 a la 20 del recurso.
[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 14-15, 215 DPR __ (2025).

de Procedimiento Civil[3] en contra de Providencia Pérez Badillo (Pérez Badillo) en la que reclamó la cantidad de $7,67493 e intereses, recargos, gastos y honorarios de abogado.

El 13 de enero de 2015, notificada el 15 de enero de 2015, el TPI emitió *Sentencia*[4] en la que declaró Con Lugar la demanda y condenó a Pérez Badillo a pagar las sumas reclamadas[5]. El 27 de agosto de 2025, la Cooperativa presentó *Moción Interesando Ejecución de Sentencia Mediante Embargo*[6]. En esta informó que, posterior a la sentencia, las partes habían acordado un plan de pagos el cual Pérez Badillo incumplió, por lo que solicitaron la ejecución de la sentencia.

El 4 de septiembre de 2025, notificada el 9 de septiembre de 2025[7], el TPI emitió una *Resolución*[8], en la que denegó la solicitud de ejecución de sentencia. En específico, el TPI resolvió:

> No ha Lugar la autorización para continuar los procedimientos de ejecución de Sentencia, habiendo transcurrido en exceso el término de cinco (5) años dispuesto por la Regla 51.1 de Procedimiento Civil y no habiendo la parte demandante justificado de forma convincente las razones por las cuales no se llevó a cabo dentro del periodo de cinco (5) años.

Inconforme, el 23 de septiembre de 2025, la Cooperativa presentó *Moción de Reconsideración y Solicitud de Vista*[9]. Junto a esta acompañó el *Plan de Pago (Extrajudicial)*[10] suscrito con Badillo Pérez el 9 de marzo de 2015. La Cooperativa informó que la razón por la cual no solicitaron la ejecución de la sentencia anteriormente fue por el acuerdo de pago que suscribió con la demandada. Por ello,

---

[3] 32 LPRA Ap. V, R. 60.
[4] Apéndice del recurso, págs. 4-5
[5] A saber, $7,674.93 de principal, $723.24 por intereses y recargos vencidos y $2,302.47 en concepto de costas, gastos y honorarios de abogado.
[6] Apéndice del recurso, págs. 6-7.
[7] A solicitud de la Cooperativa, el 6 de octubre de 2025, se enmendó la notificación, a los fines de notificar a la parte demandada. Véase, págs. 14 a la 20 del recurso.
[8] Apéndice del recurso, págs. 8-9.
[9] Íd., pág. 10.
[10] Apéndice 6-7 del recurso, págs. 11 a la 12.

solicitó al TPI que señalara una vista para exponer las razones que justificaban la ejecución de la sentencia mediante embargo.

El 24 de septiembre de 2025, notificada el 25 de septiembre de 2025[11], el TPI emitió *Orden*[12] en la que declaró No Ha Lugar la solicitud de reconsideración.

Inconforme, la Cooperativa acude ante este foro y formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al negarse a emitir una orden de ejecución de sentencia en cobro de dinero, cuando la misma no está prescrita, por el mero hecho de que la solicitud se presentó luego de 5 años de emitida.

## II. Exposición del derecho

### A. Certiorari

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en lo pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al denegar la expedición de un recurso de *certiorari* en

---

[11] A solicitud de la Cooperativa, el 6 de octubre de 2025 se enmendó la notificación, a los fines de notificar a la parte demandada.

[12] Apéndice del recurso, pág. 13.

estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...] 32 LPRA Ap. V, R. 52.1.

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias se podrá expedir el auto de *certiorari.* En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente. Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones[13], debemos o no expedir el auto de *certiorari.* Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari,* como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[13] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 62-63, 215 DPR __ (2025).

Los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000). Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap.V, R. 52.1.

**B. Ejecución de Sentencia**

El procedimiento de ejecución de sentencia se define por la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap.V, R. 51.1, la cual dispone lo siguiente:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo **dentro** de cinco (5) años de esta ser firme. Expirado dicho término, la sentencia **podrá** ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes. Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

De acuerdo con lo mencionado anteriormente, la Regla 51.1 de Procedimiento de Civil, *supra*, R. 51.1 establece diversas gestiones que pueden realizarse en la ejecución de una sentencia. Por otra parte, la misma regla dispone un término de cinco (5) años para que la parte a cuyo favor se dictó la sentencia, pueda ejecutar la misma desde que adviene final y firme. La ejecución de una

sentencia dentro del plazo previsto de cinco (5) años no requiere autorización judicial. Regla 51.1, *supra,* R. 51.1*; Igaravidez v. Ricci,* 147 D.P.R. 1, 7 (1998). Expirado el término de cinco (5) años, la parte favorecida podrá presentar una moción, notificada a la parte demandada, para solicitar la autorización del tribunal para ejecutar la sentencia. *Igaravidez v. Ricci, supra*; *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 690 (1997).

**Cabe señalar que la autorización del tribunal es de carácter discrecional y depende de la justificación que presente el promovente de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de cinco (5) años**. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, pág. 633-634.

II.     **Aplicación del derecho a los hechos**

En esencia, la Cooperativa alega que el foro primario incidió al denegar la solicitud de ejecución de sentencia, pues sostiene que cumplió con los requisitos establecidos en la Regla 51.1 de Procedimiento Civil, *supra,* y que procede que el TPI autorice su solicitud.

Luego de examinar detenidamente el recurso ante nos, así como los documentos que conforman el apéndice, a la luz de los criterios enmarcados en la Regla 40 de nuestro Reglamento, no identificamos razones que nos muevan a intervenir con el dictamen recurrido. Además, en su <u>primera</u> solicitud de ejecución de sentencia mediante embargo— presentada diez años después — la Cooperativa no justificó las razones por las cuales demoró diez años en presentar su petición. Tampoco expuso qué gestiones específicas hizo, cuándo las hizo o desde qué fecha la demandada incumplió con el plan de pago extrajudicial. Es en su *Moción de Reconsideración y Solicitud de Vista* que la Cooperativa simplemente incluyó un documento de plan de pago suscrito en el año 2015, el

mismo año que se dictó la sentencia original. Cabe destacar que el referido acuerdo no fue presentado al TPI a los fines de que se decretara la suspensión de la ejecución de la sentencia conforme provee la Regla 51.4. Es entonces forzoso concluir que la peticionaria no puso al TPI en posición o movió su discreción para concederle la ejecución de la sentencia, transcurridos los cinco años que proveen las Reglas de Procedimiento Civil para solicitar la ejecución. En vista de lo anterior, y ante el hecho de que la peticionaria no demostró que el TPI actuara contrario a lo establecido en la Regla 51.1. Por lo anteriormente expuesto y, ante la ausencia de pasión, prejuicio, parcialidad o error manifiesto en la determinación recurrida, además de no presentarse ninguno de los criterios de la Regla 40, *supra,* nos abstenemos de intervenir con la determinación recurrida y denegamos la expedición del *certiorari* incoado.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari* solicitado.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones