SILAS CLAUDIOUS COLQUHOUN, obrero fenecido; RONALD SOBIN, patrono recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; FONDO DEL SEGURO DEL ESTADO, asegurador.

*Número:* O-80-475    *Resuelto:* 23 de diciembre de 1981

*Roberto López García,* de *Colorado, Martínez & Odell,* abogado del recurrente; la parte recurrida no compareció.

PER CURIAM: La cuestión a resolver es si un patrono no asegurado bajo la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 *et seq.,* contra quien se instó una acción por daños y perjuicios ante el Tribunal Superior, y quien fue condenado a pagar compensación a los beneficiarios de un obrero fallecido como consecuencia de un accidente del trabajo, viene luego obligado a reembolsar al Fondo del Seguro del Estado por la compensación y gastos incurridos en conexión con el obrero fallecido conforme a resolución dictada con posterioridad a la sentencia del tribunal.

La parte pertinente de la Ley de Compensaciones por Accidentes del Trabajo que cubre el derecho del trabajador o sus beneficiarios a instar reclamación contra un patrono no asegurado, reza así:

Si cualquier patrono de los comprendidos en este Capítulo dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con este Capítulo, cualquier obrero o empleado perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y, además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si este Capítulo no fuera aplicable, y tendrán derecho en tal acción, sin prestar fianza, a embargar la propiedad del patrono por el monto que determinare el tribunal para asegurar el pago de la decisión que recayere, siempre que el tribunal estime que hay una justa causa de acción después del examen de la demanda, la cual deberá ser jurada. Tal embargo incluirá honorarios de abogado, que serán fijados por el tribunal, y el embargo se mantendrá hasta que el caso haya sido fallado y satisfecho el importe de la sentencia. Si como resultado de tal acción por daños y perjuicios recayere un fallo contra el patrono, en exceso de la compensación fijada por este Capítulo, la compensación fijada, si fuere pagada o si fuere garantizada con garantía aprobada por el tribunal, se deducirá del fallo. 11 L.P.R.A. sec. 16, 2do párr.

En *Vélez Sánchez* v. *Comisión Industrial,* 107 D.P.R. 797 (1978), resolvimos que una sentencia dictada por un tribunal en acción contra un patrono no asegurado, por los daños sufridos por un obrero lesionado, era oponible como cosa juzgada a la petición para compensación posteriormente radicada ante la Comisión Industrial. El obrero lesionado o sus beneficiarios, al elegir el remedio judicial, y obtener el remedio solicitado, quedan, pues, impedidos de acudir también al trámite administrativo ante la Comisión Industrial.

La secuencia de los hechos en este caso es como sigue. El accidente que resultó en la muerte del obrero en cuestión en ese mismo día ocurrió en 11 de julio de 1974. Los beneficiarios del obrero, en lugar de presentar su reclamación a la Comisión Industrial optaron por recurrir al Tribunal Superior amparados bajo el Art. 1802 del Código Civil, en 4 de septiembre de 1974. Demandaron al patrono, aquí recurrente, como patrono estatutario, a otro patrono de nombre Michael Baldassari como patrono real, y a un tercero a quien se le imputó negligencia por el accidente. Mientras se tramitaba la causa ante el Tribunal Superior, los beneficiarios presentaron una reclamación ante la Comisión Industrial en 6 de agosto de 1975. El Tribunal Superior finalmente dictó sentencia por estipulación de todas las partes en 16 de mayo de 1980. Se convino en que el aquí recurrente Ronald Sobin y/o la sociedad de gananciales constituida por él y su esposa pagarían a los beneficiarios del trabajador la suma de $18,000, y el tercero, que operaba una excavadora que según se alegaba había causado el accidente, pagaría $12,000, lo que haría un total de $30,000. El otro patrono demandado, quien se alegaba era un subcontratista, había desaparecido de Puerto Rico y se desconocía su paradero, por lo que no fue incluido en la transacción. En vista de que había reclamantes menores de edad, el tribunal exigió la presencia de la Procuradora de Relaciones de Familia, quien dio su anuencia a la tran-

sacción. En 3 de junio de 1980 la Comisión Industrial dictó resolución en la que ordenaba al aquí recurrente, como patrono no asegurado, a reembolsar al Fondo del Seguro del Estado la compensación y gastos incurridos en la forma prescrita por la Ley de Compensaciones por Accidentes del Trabajo. Fue notificada en 26 de junio de 1980. La Comisión Industrial concluye que tanto el patrono estatutario (aquí recurrente) como el patrono real o contractual son patronos no asegurados, pero impone la responsabilidad del pago al aquí recurrente Ronald Sobin porque Michael Baldassari, el patrono real "se esfumó de esta jurisdicción". El recurrente planteó oportunamente la cuestión de cosa juzgada en moción de reconsideración presentada ante la Comisión Industrial. La reconsideración fue denegada.

Comoquiera que la sentencia dictada por el Tribunal Superior advino final y firme por sus propios términos el 16 de mayo de 1980, y la resolución de la Comisión Industrial fue dictada posteriormente, en 3 de junio de mismo año, la primera es oponible a la segunda como cosa juzgada respecto a Ronald Sobin. Éste no viene, pues, obligado a pagar compensación alguna en relación con el accidente y muerte del obrero Silas Claudious Colquhoun.

Es conveniente reiterar nuestra sugerencia en *Vélez Sánchez* v. *Comisión Industrial*, ante, a la pág. 803:

> El estado actual de la Ley deja la recuperación de los dineros desembolsados por el Fondo del Seguro del Estado por gastos de tratamiento y compensación del obrero en los casos de patrono no asegurado, a la eventualidad de que el Administrador se entere indirectamente de que se ha iniciado la acción civil de daños y perjuicios. La protección de este interés del asegurador queda servida con simplemente añadir al párrafo 2° del Art. 15 de la Ley el requisito de que al tiempo de iniciar la acción civil de daños y perjuicios, el obrero o empleado perjudicado o sus beneficiarios deberán remitir copia de su demanda, por correo certificado, al

Administrador del Fondo del Seguro del Estado, y de faltar dicha notificación se desestimará el pleito.

En virtud de lo expuesto precedentemente, *se expedirá el auto y se revocará la resolución de 3 de junio de 1980 dictada por la Comisión Industrial en tanto en cuanto ordena a Ronald Sobin a reembolsar al Fondo del Seguro del Estado suma alguna en conexión con el accidente y muerte del obrero Silas Claudious Colquhoun.* Debe señalarse que el alcance de esta opinión no es de eximir al patrono real, Michael Baldassari, de su obligación en cuanto al Fondo, toda vez que la sentencia judicial no constituye cosa juzgada en cuanto a dicho patrono real, quien no pudo ser ni siquiera emplazado.