Fiol Matta, Juez Ponente
*1055 TEXTO COMPLETO DE LA SENTENCIA
Se apela de una sentencia dictada sumariamente el 17 de enero de 1995 por el anterior Tribunal de Distrito. Esta declaró con lugar la demanda sobre nulidad de sentencia incoada por el Sr. Manuel Meléndez Sella contra la M & A Financial Corp. y anuló los efectos de la sentencia dictada en rebeldía contra aquél por otra sala del Tribunal de Distrito de San Juan en el caso CD87-2402, por cobro de dinero.
I
Los hechos procesales surgen tanto de los autos originales como de las determinaciones de hechos adoptadas por el foro de instancia, del escrito de apelación y del alegato de la parte apelada. Según éstos, para el año 1987 First Federal Savings Bank presentó una demanda en cobro de dinero contra varios demandados incluyendo al señor Meléndez. El 31 de julio de 1987, el tribunal dictó sentencia en rebeldía, declaró con lugar la demanda y ordenó a todos los demandados pagar a la parte demandante la suma reclamada, en forma solidaria. El 7 de agosto de 1987 se notificó el archivo en autos de la referida sentencia.
Un año después, el 31 de agosto de 1988, se notificó otra sentencia ordenando la paralización de los procedimientos relacionados con la sentencia dictada anteriormente y que se considerara la misma terminada a fines administrativos. Dicha sentencia de archivo respondió a una orden de paralización por los procedimientos en la Corte de Quiebras instada por dos de los co-demandados en el caso de cobro de dinero, Luis M. Quiñonez y su esposa Socorro Sánchez. No obstante ello, dicha sentencia de paralización por quiebra recoge y va dirigida, tanto en su epígrafe como en su texto, a toda la parte demandada, incluyendo al señor Meléndez Sella.
Luego de dictada la sentencia no hubo solicitud de reapertura ni de continuación con los procedimientos. First Federal Savings Bank, sin embargo, le vendió su cartera de préstamos a M & A Financial Corp. En el 1990 dicha compañía financiera, sin solicitar autorización del tribunal, comenzó procedimientos de ejecución contra el señor Meléndez Sella, embargándole su sueldo.
El 28 de junio de 1990, Meléndez acudió ante el tribunal sentenciador y, sin someterse a su jurisdicción, solicitó la paralización del embargo de su sueldo aduciendo que nunca fue emplazado en el caso de cobro de dinero instado por First Federal Savings Financial Corp. El Tribunal acogió sus planteamientos y declaró nulo el embargo impugnado, señalando que aunque se había expedido un emplazamiento a nombre del peticionario, éste nunca fue diligenciado. Cabe mencionar que en dicho procedimiento interlocutorio que culminó con la referida orden, ni los abogados ni el Tribunal hicieron alusión a la sentencia de paralización previamente dictada por razón de quiebra.
M & A Financial Corp. solicitó la expedición de un nuevo emplazamiento a nombre de Meléndez Sella. El mismo fue expedido el 20 de febrero de 1991 y se diligenció el 30 de *1056 marzo siguiente. El señor Meléndez no contestó la demanda, ni solicitó prórroga para hacerlo, dentro del término provisto por las Reglas de Procedimiento Civil. Por ello, el 16 de mayo de 1991 M & A Financial Corp. solicitó la anotación de rebeldía y el registro de la sentencia. Un día después, el 17 de mayo de 1991, el señor Meléndez Sella presentó su contestación a la demanda en la Secretaría del Tribunal de Distrito. En ella negó las alegaciones de la demanda y levantó como defensas afirmativas, entre otras, que el pago de la deuda era de la entera responsabilidad de Luis M. Quiñonez, Socorro Sánchez Roldán y de la Sociedad de compuesta por éstos y que faltaban partes indispensables al pleito. Asimismo, instó demanda de coparte contra el matrimonio Quiñonez-Sánchez y la sociedad matrimonial compuesta por ambos alegando, entre otras cosas, que de existir solidaridad en la obligación reclamada en la demanda, el señor Meléndez Sella advino a dicha solidaridad y se responsabilizó para con el demandante M & A Financial Corp. mediante dolo, fraude, y engaño creado por los co-demandados Luis M. Quiñonez y Socorro Sánchez, y la sociedad ganancial compuesta por éstos.
La contestación a la demanda y la solicitud de anotación de rebeldía fueron referidos a la atención del juez de instancia el mismo día en forma conjunta y el 21 de mayo de 1991 éste dictó sentencia en rebeldía declarando académica la contestación a la demanda. Posteriormente, el 27 de junio de 1991, el juez sentenciador enmendó nunc pro tune la sentencia para especificar que la sentencia en rebeldía se dictó contra el co-demandado, Manuel Meléndez Sella.
Estos procedimientos y determinaciones no fueron notificados al representante legal del señor Meléndez, el Ledo. Ricardo Carrillo Delgado, a pesar de constar su comparecencia en autos. Sólo se notificó por correo regular al señor Meléndez, a la dirección que constaba en su emplazamiento y que fue suministrada al tribunal por la parte demandante. Ambas sentencias fueron devueltas por el correo a la Secretaría del Tribunal de Distrito por no haber sido reclamadas. Dicha Secretaría no realizó gestión alguna para notificarlas por cualquier otro medio. Ello significó que ni Meléndez Sella ni su representante legal tuvieron conocimiento de las determinaciones del tribunal hasta el 1993, cuando M & A Financial procedió a ejecutar la sentencia. Es por ello, que el 17 de marzo de 1993, el señor Meléndez Sella solicitó el relevo de la misma al amparo de la Regla 49.2 (4) de Procedimiento Civil, alegando bajo juramento la falta de notificación de la sentencia original y de la enmendada nunc pro tune. El foro de instancia denegó la solicitud de relevo entendiendo que no tenía jurisdicción porque se presentó después de expirado el término de seis (6) meses que prescribe la Regla 49.2 de Procedimiento Civil. Esta resolución emitida el 2 de abril de 1993, fue notificada a las partes el 13 de abril de 1993. 
Diez (10) días después, en lugar de solicitar reconsideración o de recurrir al Tribunal Superior, el señor Meléndez acudió nuevamente al Tribunal de Distrito y presentó una demanda contra M & A Financial Corp. para que se anulara la sentencia en rebeldía que se dictó en su contra el 21 de mayo de 1991. En dicha acción independiente alegó que la sentencia era nula por "existir una sentencia de paralización anterior y/o no haber sido diligenciado el primer emplazamiento expedido de acuerdo a la Regla 4.3(b) de Procedimiento Civil y/o haber sido contestada la demanda antes de la solicitud de anotación de rebeldía y la sentencia dictada". Al amparo de estos planteamientos le suplica al Tribunal que "declare nula la sentencia emitida el 21 de mayo de 1991 en el caso civil 87-2402". 
Al ser emplazada, M & A Financial Corp. solicitó que se desestimara la demanda a base de las alegaciones, argumentando que lo que éstas señalan constituyó un error no perjudicial cuyos efectos y consecuencias son contemplados por la Regla 40 de Procedimiento Civil; que la parte demandante no alegó perjuicio alguno causado a sus derechos sustanciales, ni señaló tener una defensa meritoria que oponer a las alegaciones de la demanda anterior por cobro de dinero. Además, alegó que la acción independiente también tenía que presentarse dentro del *1057 término fatal de seis (6) meses contemplado por la Regla 49.2 de Procedimiento Civil.
El juez de instancia se negó a desestimar la acción independiente. En su resolución de fecha 13 de mayo de 1994 expresó que la jurisprudencia no restringía la acción independiente al término de seis (6) meses y que las alegaciones y el examen del expediente del caso anterior (First Federal Savings .v. Luis Manuel Quiñonez, y otros) demostraban que el trámite procesal del mismo fue "de tal naturaleza que puede haber desembocado en la supresión de derechos sustantivos del... demandante, quien nunca ha[bía] tenido su día en corte y nunca su caso ha sido ventilado en su méritos". También expresó que como el inciso 6 de la Regla 49.2 le permite a los tribunales corregir un error a través de una acción independiente, se proponía examinar la acción independiente "para determinar si hubo la vulneración de derechos básicos, si hay derechos suprimidos, si hubo un interés desamparado y la existencia de defensas meritorias que no hayan sido atendidas y que haya tenido como consecuencia el que se dictara una sentencia nula de cuyos efectos deba ser relevada la parte demandante".
Por su parte, la demandante-apelada sometió el 13 de julio de 1994 una moción de sentencia sumaria a la cual se opuso la demandada solicitando, a su vez, que se dictara sentencia sumaria a su favor. El 8 de noviembre de 1994 se celebró una vista en la que las partes presentaron argumentos a favor de sus respectivas mociones de sentencia sumaria y sus oposiciones. El 17 de enero de 1995 el tribunal de instancia dictó sentencia declarando con lugar la moción de sentencia sumaria solicitada por el demandante y la demanda de nulidad de sentencia, relevando de esta forma al señor Meléndez de los efectos de la sentencia en rebeldía dictada en su contra en la acción por cobro de dinero. El Tribunal concluyó que el señor Meléndez no se enteró de la sentencia dictada por lo que se le privó de su derecho al debido proceso de ley. También encontró que en la contestación a la demanda del pleito anterior, que fue considerada académica, dicha parte presentó defensas afirmativas e incluso una demanda de coparte. Por ello, determinó que se satisfizo la norma establecida en Fine Art Wallpaper v. Wolff, 102 D.P.R. 451 (1974) a los efectos de que para tener derecho a la reapertura de un caso en que ha recaído una sentencia, se requiere contar con alegaciones meritorias para oponer a la demanda.
Inconforme, la compañía demandada M & A Financial Corp. presentó recurso de apelación ante el Tribunal Superior el 22 de febrero de 1995. El 23 de febrero de 1995, la juez sentenciadora ordenó se elevaran los autos al Tribunal Superior por tratarse la sentencia apelada de una dictada en virtud de una moción de sentencia sumaria. El 17 de marzo de 1995 se remitió el recurso, junto con los autos originales, al Tribunal de Circuito de Apelaciones, como foro apelativo con jurisdicción según los Arts. 4.002 y 9.0004 (b) de la Ley de la Judicatura de 1994. Mediante resolución de 2 de mayo de 1995 acogimos el recurso como uno de apelación debidamente remitido a nuestra consideración.
II
En su apelación, el demandado-apelante señala la comisión de tres errores por el tribunal de instancia:

"1. Que la demanda que culminó con la sentencia apelada es cosa juzgada ya que plantea lo mismo que adujo el señor Meléndez en la moción de relevo interpuesta contra la sentencia en rebeldía dictada en su contra en el caso anterior por cobro de dinero, que fue denegada y de la cual el apelado no acudió en alzada.

2. Que el Juez de Distrito que entendió en la demanda de nulidad de sentencia estaba impedido de hacerlo, por no tener jurisdicción, ya que actuó como juez de apelación de otro juez de distrito.

3. Que no procedía la nulidad de la sentencia ya que el demandante no alegó ni demostró 
*1058
tener una defensa válida contra la reclamación que le hizo (M & A Financial Corp.) en cobro de dinero."

La parte demandante-apelada ha presentado su alegato por lo que nos encontramos en posición de resolver.
III
Reclama M & A Financial Corp. que el señor Meléndez Sella estaba impedido de instar un pleito independiente para obtener el relevo de la sentencia dictada en rebeldía en su contra porque optó por solicitar el relevo originalmente al amparo de la Regla 49.2 de Procedimiento Civil y no recurrió de la determinación que denegó esa solicitud. Este argumento, sin embargo, pasa por alto que nunca pudo constituir cosa juzgada una acción judicial que culminó con una sentencia que a todas luces es nula.
Según los hechos procesales anteriormente reseñados la sentencia dictada en rebeldía el 21 de mayo de 1991 en el primer pleito de cobro de dinero instado contra el señor Meléndez Sella nunca fue notificada al demandado. Esta falta de notificación convirtió en nula dicha determinación porque se le privó al señor Meléndez Sella de su derecho sustancial al debido proceso de ley E.L.A. v. Tribunal Superior, 86 D.P.R. 692, 697-698. Como nunca se enteró del dictamen en su contra, no tuvo oportunidad de solicitar su reconsideración ni su revisión por un tribunal de mayor jerarquía.
Sabemos que una sentencia nula es inexistente, no produce efecto jurídico alguno y nunca adviene final, firme o inapelable. Es obvio, pues, que no está presente en este caso el elemento esencial o sine qua non para la aplicación de la excepción de cosa juzgada, a saber, que la sentencia en el pleito anterior sea válida, final y firme que haya adjudicado los hechos y resuelto la controversia en sus méritos. Artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, y en Artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. see. 1793. Además, la doctrina y la jurisprudencia han señalado que la presunción de cosa juzgada no puede aplicarse inflexiblemente, pues no procede cuando tendría por consecuencia derrotar un principio de política pública o los fines de la justicia. Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246 (1988).
Cuando se alega la nulidad de una sentencia, los vehículos procesales adecuados para lograr el relevo son la moción de relevo al amparo de la Regla 49.2 o la acción independiente reconocida también por dicha regla. O. Parés, Inc. v. Galán , 98 D.P.R. 772, 778 (1970). El señor Meléndez Sella utilizó la moción de relevo tan pronto se enteró que el tribunal había dictado sentencia en rebeldía. El tribunal de instancia, sin entrar a considerar los méritos de dicha moción, denegó la misma entendiendo que no tenía jurisdicción porque ya habían transcurrido más de seis meses desde que se había registrado la sentencia cuyo relevo se solicitaba.
Ante tal determinación de falta de jurisdicción para entender en los méritos de la moción de relevo, el señor Meléndez Sella optó por iniciar una acción independiente a los diez días de registrada la resolución, en lugar de solicitar la reconsideración o la revisión ante el Tribunal Superior. Contrario a lo que expone el apelante, no es de aplicación a este nuevo proceso el término de seis meses. Véase Calderón Molina v. Federal Bank, 89 D.P.R. 704 (1963). Tampoco es pertinente el que se hubiera presentado dicha solicitud anteriormente. O. Parés Inc. v. Galán, supra. Cuando se trata de sentencias nulas u obtenidas mediante fraude los tribunales tienen una facultad inherente, reconocida por la Regla 49.2, para dejarlas sin efecto en cualquiler momento. Así lo expresó el Tribunal Supremo en Figueroa v. Banco de San Juan, 108 D.P.R. 680, 688 (1979)
"No obstante [el término fatal de seis meses establecido en la Regla 49.2], siempre se ha *1059 reconocido la facultad inherente del tribunal, ya sea a su propia instancia o a instancia de parte interesada o afectada para dejar sin efectoi en. cualquier, tnomento una sentencia nula u obtenida mediante fraude* (citas! omitidas j Este poder inherente, está, reconocido por la Regla 49.2." Figueroa v. Banco de San Juan supra, a las páginas 688-689. Enfasis suplido.
IV
En su segundo señalamiento de error, el apelante aduce que el juez del Tribunal de Distrito que dictó la sentencia .apelada ejerció _una.fundón indebida al actuar como. juez, de apelación de un juez de su misma categoría. A esos efectos argumenta que "[njingún cuerpo de derecho anterior o posterior a la reforma de 1994 confiere al Tribunal de Distrito jurisdicción para revisar actuaciones de tribunal o juez alguno”. Su señalamiento es totalmente inmeritorio puesto que la acción independiente es "una demanda y un procedimiento distinto a aquél en que se produjo la sentencia". No se trata de una revisión o apelación de una sentencia. Tampoco el texto de la Regla 49.2 establece la competencia del tribunal que ha de entender en la causa de acción independiente. Por otra parte, ateniéndonos a las normas de competencia vigentes al momento, según expone el apelado, la causa de acción independiente en el caso de autos le competía al Tribunal de Distrito.
La jurisprudencia se ha encargado de precisar los contornos de la acción independiente. Así ha dispuesto que para que proceda en derecho se requiere que la acción independiente proyecte: "aún en mayor grado que la moción de relevo de sentencia bajo la Regla 49.2 [,]... una virtualidad de derechos suprimidos [y un] interés desamparado". Alicea Alvarez v. Valle Bello, Inc., 111 D.P.R. 847, 853 (1982). En Figueroa v. Banco de San Juan, supra, a la página 689, el Tribunal Supremo explicó que "[e]l esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de la acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos." En este caso el Tribunal Supremo proporcionó los criterios para interponer una acción independiente. Estos son:

"1. que haya transcurrido el término fatal de seis meses;

2.que las circunstancias del caso sean de tal naturaleza que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia;

3.que la parte promovente no haya sido negligente en la tramitación de su caso;

4.que la parte promovente tenga una buena defensa en los méritos que oponer a la reclamación."

En el caso de autos están presentes todos los elementos requeridos por la jurisprudencia. Aunque el apelante reclama que el señor Meléndez Sella no demostró que tuviese una defensa válida que oponer a la reclamación de la parte demandada, lo cierto es que en su contestación a la demanda del caso original sobre cobro de dinero éste levantó varias defensas e instó demanda contra co-parte. En su sentencia declarando con lugar la sentencia sumaria solicitada por el demandante-apelado, la jueza de instancia consideró que éstas, junto a la comparecencia del señor Meléndez Sella en la vista argumentativa, negando responsabilidad por la deuda reclamada por M & A Financial Corp., eran circunstancias suficientes para satisfacer el requisito de defensas válidas. Concurrimos con su apreciación así como con sus siguientes conclusiones:

"La orden de academicidad de la contestación a la demanda y la sentencia no fueron 
*1060
notificadas al abogado. No se procede a notificar en ninguna otra forma, no hay publicación de edictos. A pesar de ello se ordena la ejecución de la sentencia y los procedimientos al amparo de la Regla 51.4 [de Procedimiento Civil].

Sostener la sentencia dictada bajo estas circunstancias privaría al demandante de los más elementales principios del debido proceso de ley. Más aún la acción original, por razones que no son meritorias analizar, no es el mejor ejemplo de un adecuado trámite procesal de las acciones judiciales."

La aquí demandante nunca ha tenido oportunidad ni de su día en corte, ni de recurrir en tiempo de la sentencia dictada en su contra al Tribunal competente ni para presentar su argumentación o defensas de los puntos aquí traídos y ello sin que pueda atribuírsele crasa negligencia.
Para vindicar dichos derechos sustanciales es que procede la acción independiente que provee la Regla 49.2.
Por ello, se confirma la sentencia apelada.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 272
1. El señor Meléndez Sella garantizó el préstamo que First Federal Savings concedió al matrimonio Quiñonez-S ánchez.
2. En la demanda se reclamó "$7,494.86, más intereses al tipo convenido de 11.07% desde el 9 de marzo de 1987 hasta su total y completo pago, las costas y gastos ... más la cantidad de $907.30 pactada por honorarios de abogado". Demanda del 26 de marzo de 1987, Alegato de la parte apelada, Apéndice I.
3. Véase resolución juez de instancia de fecha 13 de mayo de 1994, que denegó la desestimación del pleito independiente solicitada por la demandada M & A Financial Corp.
4. Según el emplazamiento, la dirección del señor Meléndez era:
Novia 253
Bo. Ingenio
Toa Baja, Puerto Rico 00759
No obstante, la dirección que aparece en los sobres preparados por la Secretaría del Tribunal de Distrito es incorrrecta. En ambos se denominó la calle como "Nova" y en uno de ellos se expresó el área postal como 00949.
5. Véase páginas 3 y 6 de la sentencia aquí apelada.
6. Demanda presentada el 23 de abril de 1993, páginas 3-4.
7. Resolución de 13 de mayo de 1994 emitida por la Hon. Sonia Ivette Vélez Colón, Juez de Distrito, página 6.
8. En la sentencia apelada, la Hon. Sonia Ivette Vélez Colón, determinó como cuestión de hecho la falta de notificación de la sentencia en rebeldía dictada en el primer pleito y de la orden de academicidad de la *1061 contestación a la demanda. Señaló además que le correspondía a la Secretaría del Tribunal de Distrito notificar las mismas a través de la publicación de edictos al serie devueltas las notificaciones hechas por correo. Reglas 65.3 y 67.1 de Procedimiento Civil,.32 L.P.R.A. Ap. Ill, R.65.3 y 67.1. Concluyó que "[sjostener la sentencia dictada bajo estas circunstancias privaría al demandante en la acción independiente de los más elementales principios del debido proceso de ley [puesto que] nunca [tuvo] la oportunidad ni de su día en corte, ni de recurrir en tiempo de la sentencia dictada en su contra .... ni para presentar su argumentación o defensas de los puntos aquí traídos y ello sin que pueda atribuírsele crasa negligencia". Pág. 9.
9. Véase la interpretación del Artículo 1204 del Código Civil en los siguientes casos normativos: Rodríguez Rodríguez v. Colberg Comas, 92 JTS 102 Claudious v. Comisión, 111 D.P.R. 805 (1981); Sucn. Román v. Shelga Corp., 111 D.P.R. 782 (1981); Negrón v. C.I.T. Financial Corp., 111 D.P.R. 657 (1981); A & P General Contractors v. Asoc. Caná, 110 D.P.R. 753 (1981); Feliciano Ruiz v. Alfonso Dev. Corp., 96 D.P.R. 108 (1968); Bolker v. Tribunal Superior, 82 D.P.R. 816 (1961).
10. Según el informe del Secretariado de la Conferencia Judicial .sobre la Regla 49.2 de Procedimiento Civil, dicho término no debe aplicarse a las mociones de relevo basadas en la nulidad de la sentencia, inciso (4) de la Regla 49.2, si se demuestra que la sentencia es nula. Revista Forum, año 4, núm. 3, página 17 (1988):

"[Cjuando se invoca [el inciso 4] y el tribunal determina que la sentencia es en realidad nula, tiene que dejarla sin efecto, sin importar los méritos que pudiera tener la reclamación del promovente. Una sentencia puede ser nula, si el tribunal que la dictó no adquirió jurisdicción sobre el demandado, como también si se violó el debido proceso de ley.

En cuanto al término, el de seis meses no es de aplicación a este inciso, si se demuestra que la sentencia es nula. Esto se debe a que una sentencia nula es inexistente y el transcurso del tiempo no puede convalidarla."

11. Apelación, pág. 6.
12. Hernández Colón, Rafael, Manual de Procedimiento Civil, ed. rev., Equity Publishing Corp., 1981, página 309.
13. Véase también José A. Cuevas Segarra, Práctica Procesal Puertorriqueña - Vol. II: Procedimiento Civil, Publicaciones JTS, páginas 272-273.
14. Tercer señalamiento de error.
15. El tribunal apelado celebró dos vistas argumentativas; una con relación a la moción de desestimación presentada por la parte demandada-apelante y otra con relación a las sentencias sumarias solicitadas por ambas partes.